# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT FLAUGHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-1039-CV-W-GAF-P |
| ) | |
| KELLY MORRIS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Robert Flaugher, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 30, 2011, seeking to challenge his 2006 convictions and sentences for first degree burglary, first degree assault, and armed criminal action, which were entered in the Circuit Court of Osage County, Missouri.

Petitioner raises four grounds for relief: (1) that the court of appeals erred in denying his motion to recall the mandate in his case; (2) that the trial court erred in not affording petitioner sentencing by jury; (3) that the trial court erred in sustaining an objection to the testimony of the victim's mother; and (4) that trial counsel was ineffective in failing to object to questions by the State regarding the existence of a restraining order prohibiting petitioner from contacting his wife. Respondent contends that grounds 1 and 2 are not cognizable in a federal habeas proceeding, that ground 3 is without merit, and that ground 4 is procedurally defaulted.

## SUMMARY OF FACTS

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> [Petitioner] was charged with burglary, assault, and armed criminal action for an incident involving his half-sister's husband, Ethan Ryals. Viewed in the light most favorable to the verdict, the evidence at trial

> revealed the following.
>
> In February 2007, Mr. Ryals suspected that [petitioner] had stolen money from his apartment. Subsequently, Mr. Ryals called his half-sister on several occasions asking about [petitioner] and the money. Later, Mr. Ryals filed a police report regarding the allegedly stolen money. Following these actions, [petitioner] became "hostile" towards Mr. Ryals.
>
> On March 3, 2007, [petitioner] visited a friend, Harley Gabbert, and asked if he would "rough up" Mr. Ryals. Mr. Gabbert agreed and [petitioner] said that he would pick him up later and drive him to Mr. Ryals' apartment.
>
> Later that night, [petitioner] picked up Mr. Gabbert who brought along his friend, Matt Curran. Upon arriving at Mr. Ryals' apartment, Mr. Gabbert walked up to the door and knocked. When Mr. Ryals[] opened the door, Mr. Gabbert introduced himself as a neighbor's nephew. Mr. Ryals then saw Mr. Curran standing at the end of the yard and [petitioner] standing to the left of the door holding an aluminum baseball bat. Mr. Gabbert pushed the door open, struck Mr. Ryals, and climbed on top of him. Thereafter, [petitioner] entered the apartment, moved Mr. Gabbert to the side, and began beating Mr. Ryals with the baseball bat. After severely injuring Mr. Ryals, [petitioner] fled with the other two men leaving Mr. Ryals unconscious inside the apartment.
>
> Based on this evidence, the jury found [petitioner] guilty on all charges. The trial court sentenced [petitioner] to concurrent terms of fifteen years' imprisonment for first degree burglary, life imprisonment for first degree assault, and fifteen years' imprisonment for armed criminal action.

(Petitioner's Exhibit E, pp. 2-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing

evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In his first ground for relief, petitioner contends that the Missouri Court of Appeals erred in denying his motion to recall the mandate. Recall of an appellate mandate in Missouri "may result only under limited circumstances," such as ineffective assistance by the movant's counsel on appeal or when an appellate decision "directly conflicts with a decision of the United States Supreme Court relative to rights of a criminal defendant." State v. Teter, 747 S.W.2d 307, 308 (Mo. App. W.D. 1988).

In petitioner's motion to recall the mandate of the Missouri Court of Appeals, he alleged ineffective assistance of post-conviction relief ("PCR") counsel. (Petitioner's Appendix A, pg. 35). The state court denied the motion because "Appellant is not entitled to effective assistance of post-conviction counsel." (Id.). Likewise here, petitioner cannot receive federal habeas relief under a claim of ineffective assistance of PCR counsel. 28 U.S.C. § 2254(i). Therefore, failure of the state courts to grant petitioner's motion to recall the mandate does not state a ground upon which relief may be granted.

Ground 1 is denied.

## GROUND 2

In ground 2, petitioner contends that the trial court erred in not affording him jury sentencing.

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Missouri mandates jury sentencing unless, *inter alia*, the defendant is proven to be a "prior offender, persistent offender, dangerous offender, or persistent misdemeanor offender as defined in section 558.016," in which case the court sentences the defendant. MO. REV. STAT. § 557.036. In this case, the State claimed that petitioner "ha[d] priors," (see Respondent's Exhibit A, pp. 40-41), and therefore that petitioner must be sentenced by the court instead of a jury. However, the State never actually proved that the priors existed.

While it appears that the State or the trial court may have erred under *state* law in failing to follow the relevant statutory requirements for sentencing by the trial court instead of a jury, such error cannot afford *federal* habeas relief to petitioner. As respondent notes, there is no federal constitutional right to jury sentencing once a jury has found a defendant guilty of every element of a crime. See, e.g., Ring v. Arizona, 536 U.S. 584, 597 n.4 (2002). Indeed, "federal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Evanstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006), (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, relief cannot be granted on ground 2 since it is based on an error under state law.

Ground 2 is denied.

## GROUND 3

In ground 3, petitioner contends that the trial court erred in sustaining an objection to testimony by the victim's mother. The mother's testimony was offered by petitioner to show the victim's character for untruthfulness, and his general reputation in the community. However, the trial court sustained the State's objection to the testimony, stating as follows:

> THE COURT: Okay. Then that's fine. I think – first of all, I think that this testimony is not really testimony of reputation within the

> community. It's one person's opinion, not much more than that. I don't think I'm going to allow it, but it is on the record now and so an offer of proof has been made.

(Respondent's Exhibit A, pg. 306).

At the outset, it should be noted that "[q]uestions relating to the admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases." Harrison v. Dahm, 880 F.2d 999, 1001 (8th Cir. 1989) (quoting Maggitt v. Wyrick, 533 F.2d 383, 385 (8th Cir.), cert. denied, 429 U.S. 898 (1976)). Only if the alleged error violates a specific constitutional right or is so prejudicial that it denies due process may a federal court grant habeas corpus relief on a state evidentiary issue. Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994).

On direct appeal, the Missouri Court of Appeals disposed of ground 3 as follows:

> [Petitioner] argues that the trial court erred in sustaining the State's objection to Beverly Dale's testimony regarding [the victim's] poor reputation for truthfulness and veracity in the community. Specifically, [petitioner] claims that by excluding Ms. Dale's testimony, the trial court prevented him from presenting evidence proving that the State's primary witness, [the victim], was not credible, which deprived him of a complete defense . . .
>
> When a witness testifies at trial, the witness places his or her reputation for truthfulness and veracity at issue, and the opposing party is permitted to present evidence of the witness's poor reputation for truth and veracity for impeachment purposes. State v. Twenter, 818 S.W.2d 628, 634 (Mo. banc 1991). For a witness to testify to a person's reputation for truth and veracity, "[i]t is only necessary that the witness be in a position to have heard anything that was said concerning [the person's] reputation." Id.
>
> Generally, a witness may not testify as to his or her opinion of the person's character. State v. Trimble, 638 S.W.2d 726, 735 (Mo. banc 1982). In addition, a witness may not testify to specific acts of misconduct without proof of bias or relevance. State v. Wolfe, 13 s.W.3d 248, 258 (Mo. banc 2000). Instead, "impeaching testimony should be confined to the real and ultimate object of the inquiry, which

-5-

> is the reputation of the witness for truth and veracity." Id.
>
> To impeach [the victim's] testimony, the defense sought to introduce [the victim's] mother, Ms. Dale, as a witness to testify about her son's poor reputation for truthfulness and veracity. During the defense's offer of proof, Ms. Dale testified that her relationship with [the victim] became "strained" a couple of years ago when [the victim] accused her of stealing $30,000, and that the only contact she currently has with him is "when he calls and leaves nasty messages on [her] phone." When defense counsel asked Ms. Dale if she knew whether [the victim] had a "reputation for being honest or telling the truth", Ms. Dale gave her opinion that "he's not reliable, he's not honest, and he doesn't tell the truth." Later, defense counsel asked Ms. Dale again whether she believed [the victim] had a reputation for lying, and this time she replied, "[y]es, I do." As a basis for her answer, Ms. Dale said that [the victim] "palled around with a couple old drunks" and "[t]hey know that he lied." She also testified that "[t]he man that lives next door to me been around [petitioner] all his life . . . . He knows he lies. He lied to him. He went off and owed him $60."
>
> Following the offer of proof, the prosecutor objected to Ms. Dale's testimony contending that she was "not in a position to be able to testify to [the victim's] reputation in the community." Sustaining the objection, the trial court agreed[,] reasoning that the "testimony is not really testimony of reputation within the community. It's one person's opinion, not much more than that."
>
> Based on the statements elicited at the offer of proof, Ms. Dale's offered testimony was not based upon evidence of [the victim's] reputation, but rather consisted merely of her own personal opinion and specific incidents of misconduct. As the trial court noted, the majority of Ms. Dale's comments concerning [the victim's] truthfulness and veracity derived from her own negative opinion of [the victim]. Additionally, when supposedly testifying to [the victim's] reputation, Ms. Dale only mentioned specific incidents of misconduct, where [the victim] had either lied or owed money to her and others. Importantly, Ms. Dale never testified that she had heard anything said concerning [the victim's] reputation. See Twenter, 818 S.W.2d at 634. Therefore, because Ms. Dale's testimony would not have been admissible to prove [the victim's] poor reputation for truthfulness and veracity, the trial court did not abuse its discretion when it sustained the State's objection and excluded the testimony. Point denied.

(Respondent's Exhibit E, pp. 7-9).

The resolution of ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

Ground 3 is denied.

## GROUND 4

In his fourth ground for relief, petitioner contends that "trial counsel failed to object to restraining order." (Doc. No. 1, pg. 9). Specifically, the State at trial asked petitioner whether a restraining order prohibited him from contacting his wife. Petitioner contends that "this [action] denied [him] a right to be tried solely on the charges against him." (Id.). Respondent counters that ground 4 is procedurally defaulted because it was not raised on state appeal.

Respondent is incorrect that ground 4 is procedurally defaulted. A review of petitioner's brief on appeal from the denial of his Mo. Sup. Ct. Rule 29.15 motion reveals that the issue was raised on appeal in the state courts. (See Respondent's Exhibit I, pg. 12).

Nonetheless, ground 4 is without merit. On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 29.15 motion, the Missouri Court of Appeals disposed of petitioner's ground as follows:

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

[Petitioner] claims the motion court clearly erred in denying [his] claim that his trial counsel was ineffective for failing to object to the State's improper questioning of [petitioner] regarding a restraining order against [him]. [Petitioner] argues that trial counsel should have objected on the basis that the question sought improper propensity and bad character evidence. [Petitioner] claims that if trial counsel had objected, there is a reasonable probability that the result of [petitioner]'s trial would have been different. We disagree.

We will rarely find counsel ineffective for failing to make an objection. Cole v. State, 302 S.W.3d 812, 818 (Mo. App. E.D. 2010). It is within the judgment of trial counsel to determine whether and when to make evidentiary objections. Helmig v. State, 42 S.W.3d 658, 678 (Mo. App. E.D. 2001). For counsel's failure to object to constitute ineffective assistance of counsel, the admitted evidence must have "resulted in a substantial deprivation of the accused's right to a fair trial." Id.

Generally, the State may not introduce evidence of prior misconduct because the "criminal defendant has a right to be tried only for the crimes with which he is charged." State v. Davis, 211 S.W.3d 86, 88 (Mo. banc 2006). Evidence of prior misconduct is inadmissible to show a defendant's bad character or propensity to commit crimes. Id. During the State's cross-examination, the following exchange took place:

> [THE STATE]: Okay. And why was - [your wife] wasn't living with you at the time, is that right?
>
> [PETITIONER]: Off and on, yes, she was.
>
> [THE STATE]: Okay. Was there any order in place that said she wasn't?
>
> [PETITIONER]: Was there an order in place that said she wasn't? Yes, there was.
>
> [THE STATE]: Did she have an order against you?
>
> [PETITIONER]: Yes, she was [sic]. We were working on getting our relationship back together and she offered to take the restraining order off of me, and I told her when she felt comfortable to take it off.

Trial counsel did not object to the State's questioning, and [petitioner] alleged in his amended Rule 29.15 motion that trial counsel was

> ineffective for failing to do so. During the evidentiary hearing on the motion, trial counsel testified that he did not remember why he failed to object. The motion court denied [petitioner]'s claim.
>
> The motion court did not clearly err because [petitioner] again failed to establish prejudice from his trial counsel's alleged deficient performance. In arguing that there is a reasonable probability that the jury would have acquitted if trial counsel objected, [petitioner] ignores the evidence the State adduced at trial. The State presented overwhelming evidence of [petitioner]'s guilt. [Petitioner]'s victim . . . knew [petitioner] before the attack and identified [petitioner] as his attacker at trial. Two other witnesses, Gabbert and Curran, testified that they were with [petitioner] at the time of the attack and that [petitioner] entered [the victim]'s home and beat him several times with a baseball bat. Given this evidence, we fail to see how the result of the trial would have been different had trial counsel objected. See West v. State, 244 S.W.3d 198, 204 (Mo. App. E.D. 2008). Because we find that [petitioner] failed to establish any prejudice, we need not address whether trial counsel's performance was actually deficient. Smith, 276 S.W.3d at 316. Point denied.

(Respondent's Exhibit K, pp. 7-9).

The resolution of ground 4 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams, 529 U.S. at 412.

Ground 4 is denied, and the case will be dismissed, with prejudice.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because

petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

    /s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: January 31, 2012.